UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION          :

                Plaintiff,          :

            -against-          :          **Civil Action No.**
                            :          **05-CV-8713 (NRB)**

WOOD RIVER CAPITAL MANAGEMENT LLC,          :          **ECF CASE**
WOOD RIVER ASSOCIATES LLC,          :
JOHN HUNTING WHITTIER,          :
WOOD RIVER PARTNERS LP, and          :
WOOD RIVER PARTNERS OFFSHORE LTD.,          :
                            :
                  Defendants.          :

------------------------------------------------------------x

## CONSENT OF DEFENDANT JOHN HUNTING WHITTIER

1.      Defendant John Hunting Whittier ("Whittier") acknowledges having been served with the complaint in this action, withdraws his answer to that complaint, and admits the Court's jurisdiction over himself and over the subject matter of this action.

2.      Whittier, without admitting or denying the allegations in the complaint, (except as to personal and subject matter jurisdiction, which he admits), hereby consents to entry of the Final Judgment as to Defendant John Hunting Whittier (the "Final Judgment") attached hereto and incorporated by reference herein, which, among other things:

    (a)  permanently restrains and enjoins Whittier from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]; Sections 10(b), 13(d), and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b),

78m(d), 78p(a)] and Rules 10b-5, 13d-1, 13d-2, 16a-2, and 16a-3 thereunder [17

C.F.R. §§ 240.10b-5, 240.13d-1; 240.13d-2, 240.16a-2, and 240.16a-3]; and

Sections 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C.

§80b-6(1) and (2); and

(b) orders Whittier to pay disgorgement (to be satisfied by Whittier's forfeiture

and restitution obligations in the parallel criminal action captioned United

States of America vs. John H. Whittier., 07 CR 087 (JSR) (S.D.N.Y. 2007)) and

prejudgment interest.

3.    Whittier understands and agrees that he shall pay disgorgement in the

amount of $5,535,571 plus prejudgment interest thereon in the amount of $798,339, for a

total of $6,333,910, representing ill gotten gains as alleged in the Complaint, provided

however, that Whittier may offset from this $6,333,910 the amount of forfeiture and

restitution payments imposed against and paid by him in United States of America vs.

John H. Whittier., 07 CR 087 (JSR) (S.D.N.Y. 2007) (hereinafter "the Criminal Case").

Defendant shall transmit photocopies of documents evidencing payment of all such

criminal forfeiture or restitution to the Commission's counsel in this action within three

(3) business days after making such payments.  To ensure that this disgorgement payment

is not directly or indirectly reduced by any subsequent receipts, Whittier agrees that he

hereby withdraws any proofs of claim filed with the Receiver for the Wood River

Defendants, and waives any right he may have to file any proofs of claim, claims, or

causes of action against the Receiver or any of the Defendants in this action.

4.    Unless Whittier's obligation to pay prejudgment interest in the amount set

forth in paragraph 3 above has then been fully satisfied by restitution payments made in

the Criminal Case, Whittier shall pay the prejudgment interest amount owed (or any remaining portion thereof) within thirty (30) days prior to sentencing in the Criminal Case, but in any event no later than September 1, 2007. Unless Whittier's obligation to pay disgorgement in the amount set forth in paragraph 3 above has then been fully satisfied by forfeiture payments made in the Criminal Case, Whittier shall pay the disgorgement amount owed (or any remaining portion thereof) within sixty (60) days after sentencing in the Criminal Case, but in any event no later than December 31, 2007. Any such payments shall be made to the Clerk of this Court, together with a cover letter identifying Whittier as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Whittier agrees to simultaneously transmit photocopies of such payment and letter to Kevin P. O'Rourke and Peter J. Haggerty, the Commission's counsel in this action, at U.S. Securities and Exchange Commission, Division of Enforcement, 100 F. Street, N.E., Washington, D.C. 20549. Whittier shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. If paid to the Court in this case, Whittier's payments shall be distributed pursuant to a plan for distribution of disgorged assets, to be filed by the Commission with the Court, but in no event shall any of the funds distributed pursuant to such plan be returned to Whittier, and Whittier understands and agrees that he relinquishes all legal and equitable right to participate in any distribution in this case. Whittier understands and agrees that the Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"), and that these funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of

3

the Court. Whittier understands and agrees that, in accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Final Judgment directs the Clerk, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

5.    Whittier waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Whittier waives the right, if any, to appeal from the entry of the Final Judgment.

7.    Whittier enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Whittier to enter into this Consent.

8.    Whittier agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.    Whittier will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Whittier waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Whittier of its terms and conditions. Whittier further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the

4

Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

11.    Whittier acknowledges that the Court is not ordering Whittier to pay a penalty pursuant to Section 21(d)(3)(A) of the Exchange Act [15 U.S.C. § 78u(d)(3)(A)] based upon the federal criminal statutory penalties, including imprisonment and fines, that he is subject to in the Criminal Case.

12.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Whittier in this civil proceeding. Whittier acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Whittier waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Whittier further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Whittier understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

5

13.    Whittier understands and agrees to comply with the Commission's policy

"not to permit a defendant or respondent to consent to a judgment or order that imposes a

sanction while denying the allegation in the complaint or order for proceedings." 17

C.F.R. § 202.5. In compliance with this policy, Whittier agrees: (i) not to take any action

or to make or permit to be made any public statement denying, directly or indirectly, any

allegation in the complaint or creating the impression that the complaint is without

factual basis; and (ii) that upon the filing of this Consent, Whittier hereby withdraws any

papers filed in this action to the extent that they deny any allegation in the complaint.  If

Whittier breaches this agreement, the Commission may petition the Court to vacate the

Final Judgment and restore this action to its active docket.  Nothing in this paragraph

affects Whittier's: (i) testimonial obligations; or (ii) right to take legal or factual positions

in litigation or other legal proceedings in which the Commission is not a party.

14.    Whittier hereby waives any rights under the Equal Access to Justice Act,

the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision

of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs

expended by him to defend against this action.  For these purposes, Whittier agrees that

he is not the prevailing party in this action since the parties have reached a good faith

settlement.

15.    In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission

is a party, including the SEC's private investigation entitled In the Matter of Wood River

Partners, L.P., Whittier (i) agrees to appear and be interviewed by Commission staff at

such times and places as the staff requests upon reasonable notice; (ii) will accept service

by mail or facsimile transmission of notices or subpoenas issued by the Commission for

documents or testimony at depositions, hearings, or trials, or in connection with any

related investigation by Commission staff; (iii) appoints Defendant's undersigned

attorney as agent to receive service of such notices and subpoenas; (iv) with respect to

such notices and subpoenas, waives the territorial limits on service contained in Rule 45

of the Federal Rules of Civil Procedure and any applicable local rules, provided that the

party requesting the testimony reimburses Defendant's travel, lodging, and subsistence

expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

personal jurisdiction over Defendant in any United States District Court for purposes of

enforcing any such subpoena.

      16.     Whittier agrees that the Commission may present the Final Judgment to

the Court for signature and entry without further notice.

      17.     Whittier agrees that this Court shall retain jurisdiction over this matter for

the purpose of enforcing the terms of the Final Judgment.

Date: _7/9/07_               _____
                                   John Hunting Whittier

      On this _9th_ day of _July_ 2007, John Hunting Whittier, a
person known to me, personally appeared before me and acknowledged executing the
foregoing Consent.

                            _____
                            Notary Public
                            Commission expires: 7/14/10

                              ANN D. KISS
                   Notary Public, State Of New York
                      No. 01-4865764
                   Qualified in Nassau County
                Commission Expires July 14 2010

7

Approved as to form:

Marjorie J. Peerce, Esq.
Stillman Friedman & Schechtman, P.C.
425 Park Avenue
New York, NY 10022
(212) 223-0200
Counsel for Defendant John Hunting Whittier