# EXHIBIT G

75u1whip                          Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          07-CR-0087(JSR)

5   JOHN WHITTIER,

6                Defendant.

7   ------------------------------x

8                                         New York, N.Y.
                                          May 30, 2007
9                                         5:26 p.m.

10
    Before:
11
                        HON. JED S. RAKOFF,
12
                                          District Judge
13

14                       APPEARANCES

15  MICHAEL J. GARCIA
         United States Attorney for the
16       Southern District of New York
    STEVEN D. FELDMAN
17       Assistant United States Attorney

18  STILLMAN, FRIEDMAN & SHECHTMAN, P.C.
         Attorneys for Defendant
19  BY:  MARJORIE J. PEERCE, ESQ.
         KATIE LACHTER, ESQ.
20

21  ALSO PRESENT:  TED CACIOPPI, FBI

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

75u1whip                          Plea

1              (In open court)

2              (Case called)

3              THE DEPUTY CLERK:  Counsel, please state your name for

4    the record.

5              MR. FELDMAN:  Good afternoon, your Honor.  Steven

6    Feldman on behalf of the government.  With me is Special Agent

7    Ted Cacioppi of the FBI.

8              THE COURT:  Good afternoon.

9              MS. PEERCE:  Good afternoon, your Honor.  Marjorie

10   Peerce and Katie Lachter from Stillman, Friedman & Shechtman

11   for Mr. Whittier.

12             THE COURT:  Good afternoon.

13             All right.  My understanding is that the defendant

14   wishes to withdraw his previously entered plea of not guilty

15   and enter a plea of guilty to counts 1, 2, and 4 of the

16   indictment pursuant to a plea agreement, is that correct?

17             MS. PEERCE:  That's correct, your Honor.

18             THE COURT:  All right.  We'll place the defendant

19   under oath.

20             THE DEPUTY CLERK:  Please stand and raise your right

21   hand.

22             (Defendant sworn)

23             THE DEPUTY CLERK:  Please state your name.

24             THE DEFENDANT:  John Hunting Whittier.

25             THE DEPUTY CLERK:  Please spell your last name slowly.

75u1whip                          Plea

1           THE DEFENDANT:  W-H-I-T-T-I-E-R.

2           THE DEPUTY CLERK:  Please be seated.

3           THE COURT:  Mr. Whittier, let me first advise you that

4    because you're under oath, anything that you say that is

5    knowingly false could subject you to punishment for perjury or

6    obstruction of justice or the making of false statements.  Do

7    you understand?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Very good.  Do you read, write, speak and

10   understand English?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  How far did you go in school?

13          THE DEFENDANT:  I graduated undergraduate.

14          THE COURT:  And how old are you now?

15          THE DEFENDANT:  I'm 40 years old.

16          THE COURT:  Are you single or married?

17          THE DEFENDANT:  I'm married.

18          THE COURT:  Do you have any children?

19          THE DEFENDANT:  Two.

20          THE COURT:  Are they living at home?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Have you ever been treated by a

23   psychiatrist or psychologist?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  When was the last time you had any such

4

75u1whip                              Plea

1    treatment?

2              THE DEFENDANT:  Within the month.

3              THE COURT:  And without going into any of the

4    specifics, what's the general nature of the issue?  What are

5    you being treated for?

6              MS. PEERCE:  It's complicated, your Honor.

7              THE COURT:  Well, let me make clear to you why I'm

8    asking these questions.  It's not to inquire into your personal

9    issues; it's because I need to make a determination that you're

10   competent to enter a plea.  So for example, if you were being

11   treated for schizophrenia, that might raise an issue.  If you

12   were having delusions, if you were to imagine -- not to take an

13   extreme example -- that Ms. Peerce had actually read each and

14   every one of those million documents, then we'd have an issue

15   we'd need to pursue.

16             So is the issue that you're pursuing with your

17   psychiatrist anything that has to do with your ability to

18   understand what's going on and what is the nature of reality

19   around you?

20             THE DEFENDANT:  No, sir.

21             MS. PEERCE:  Your Honor, and I can represent to the

22   Court that I believe Mr. Whittier is fully competent to enter

23   this plea.  We will be submitting as part of the sentencing

24   package some material from a psychiatrist --

25             THE COURT:  Okay.

75u1whip                          Plea

1          MS. PEERCE:  -- explaining Mr. Whittier's situation.

2          THE COURT:  Very good.  Okay.  Please be seated.

3          And Mr. Whittier, have you ever been treated or

4   hospitalized for alcoholism?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Have you ever been treated or hospitalized

7   for narcotics addiction?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  Are you currently under the care of a

10  physician, other than a psychiatrist, for any reason?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  In the last 24 hours have you taken any

13  pill or medicine of any kind?

14         THE DEFENDANT:  I have.  I took minocycline for acne,

15  sir.

16         THE COURT:  Okay.  Does that in any way, shape or form

17  affect your ability to understand these proceedings?

18         THE DEFENDANT:  It doesn't.

19         THE COURT:  Okay.  In the last 24 hours have you taken

20  any narcotic of any kind?

21         THE DEFENDANT:  No, sir.

22         THE COURT:  In the last 24 hours have you taken any

23  alcohol of any kind?

24         THE DEFENDANT:  No, sir.

25         THE COURT:  Is your mind clear today?

6

75u1whip                          Plea

1              THE DEFENDANT:  It is.

2              THE COURT:  Do you understand these proceedings?

3              THE DEFENDANT:  I do.

4              THE COURT:  On the basis of defendant's responses to

5      my questions and my observations of his demeanor, I find that

6      he's fully competent to enter an informed plea at this time.

7              Now, Mr. Whittier, you have a right to be represented

8      by counsel at every stage of these proceedings, do you

9      understand?

10             THE DEFENDANT:  I do.

11             THE COURT:  And if you can't afford counsel at any

12     time, then the Court will appoint one for you free of charge to

13     represent you throughout these proceedings.  Do you understand

14     that?

15             THE DEFENDANT:  I do.

16             THE COURT:  You're represented by Ms. Peerce and by

17     her firm.  Are you satisfied with their representation?

18             THE DEFENDANT:  I am.

19             THE COURT:  Have you had a full opportunity to discuss

20     this matter with them?

21             THE DEFENDANT:  I have.

22             THE COURT:  Have you told them everything you know

23     about this matter?

24             THE DEFENDANT:  I have.

25             THE COURT:  All right.  Now you are charged in

75u1whip                          Plea

1  indictment 07 Criminal 087 with various counts of securities

2  fraud and/or related securities offenses and you have

3  previously entered a plea of not guilty, but I understand that

4  you wish now to enter a plea of guilty to counts 1, 2 and 4.

5  Is that correct?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Before I can accept any plea of guilty, I

8  need to make certain, among other things, that you understand

9  the rights that you will be giving up if you plead guilty.  So

10  I want to go over with you now the rights that you'll be giving

11  up.  You understand that?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  And first, you have a right to a speedy

14  and a public trial by a jury on the charges against you.  Do

15  you understand that?

16          THE DEFENDANT:  I do.

17          THE COURT:  And second, if there were a trial, you

18  would be presumed innocent and the government would be required

19  to prove your guilt beyond a reasonable doubt before you could

20  be convicted of any charge.  Do you understand that?

21          THE DEFENDANT:  I do.

22          THE COURT:  And third, at the trial you'd have the

23  right to be represented by counsel, and once again, if at any

24  time you could not afford counsel, the Court would appoint one

25  to represent you free of charge.  Do you understand that?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

75u1whip                    Plea

1      THE DEFENDANT:  I do.

2      THE COURT:  Fourth, at the trial you would have the

3  right to see and hear all the witnesses and other evidence

4  against you, and your attorney could offer evidence on your own

5  behalf, could cross-examine the government's witnesses and

6  object to the government's evidence.  Do you understand all

7  that?

8      THE DEFENDANT:  I do.

9      THE COURT:  Fifth, at the trial you would have the

10 right to testify if you wanted to, but no one can force you to

11 testify if you do not want to.  And no suggestion of guilt

12 could be drawn against you if you chose not to testify.  Do you

13 understand that?

14     THE DEFENDANT:  Yes, sir.

15     THE COURT:  And finally, even if you were convicted of

16 one or more counts, you could appeal your conviction.  Do you

17 understand that?

18     THE DEFENDANT:  I do.

19     THE COURT:  Now do you understand that if you plead

20 guilty, you will be giving up each and every one of those

21 rights we just discussed?  Do you understand that?

22     THE DEFENDANT:  I do.

23     THE COURT:  Very good.  Now does counsel want

24 counts 1, 2 and 4 read again here in open court or do you waive

25 the reading?

75u1whip                        Plea

1          MS. PEERCE:  No, your Honor, we waive the public

2     reading.

3          THE COURT:  The maximum punishment, Mr. Whittier, that

4     you face on count 1, securities fraud count, is a maximum

5     sentence of 20 years' imprisonment plus a fine, whichever is

6     greatest, either $5 million or twice the amount of money

7     derived from the crime or twice the loss to the victims of the

8     crime, plus $100 special assessment, plus a maximum term of

9     three years of supervised release to follow any imprisonment.

10    You understand those are the maximum punishments under count 1?

11         THE DEFENDANT:  Yes, I do.

12         THE COURT:  Also, with respect to that count and each

13    of the counts that we're about to discuss, you understand that

14    if I were to impose a term of supervised release and you were

15    to violate any of the terms of supervised release, that

16    violation in and of itself could subject you to still further

17    imprisonment going even beyond the term of supervised release.

18    Do you understand that?

19         THE DEFENDANT:  Yes, I do.

20         THE COURT:  Very good.  Now the maximum punishment you

21    face on count 2, which is a count charging you with failing to

22    disclose ownership in excess of 5 percent of a publicly traded

23    security, is 20 years' imprisonment plus a fine of whichever is

24    greatest, $5 million or twice the gross gain or twice the gross

25    loss, plus $100 special assessment, plus up to three years'

75u1whip                          Plea

1    supervised release to follow any imprisonment.  Do you

2    understand those are the maximum punishments under count 2?

3              THE DEFENDANT:  I do.

4              THE COURT:  And count 4, which charges you with a

5    separate instance of failing to disclose, in this case,

6    ownership in excess of 10 percent of a publicly traded security

7    carries a maximum sentence of 20 years' imprisonment, plus a

8    fine of whichever is greatest, either $5 million or twice the

9    gross gain or twice the gross loss, plus a $100 special

10   assessment, plus up to three years' supervised release to

11   follow any imprisonment.  Do you understand those are the

12   maximum punishments under count 4?

13             THE DEFENDANT:  I do.

14             THE COURT:  Now do you also understand, Mr. Whittier,

15   that if you plead guilty to all three of those counts, the

16   punishment could be cumulative, so you would face, for example,

17   up to 60 years' maximum imprisonment if you plead guilty to all

18   three counts?  Do you understand that?

19             THE DEFENDANT:  I do.

20             THE COURT:  Now actually, the sentence will be

21   determined not only by the statutory maximums but also by the

22   Court's consideration of a variety of factors mandated by

23   federal law, and one of those factors are the so-called

24   Sentencing Guidelines, which are certain laws that set a range

25   in which it is recommended that the Court sentence you,

75u1whip                    Plea

1    subject, however, to upward or downward departures.  Have you

2    gone over the Sentencing Guidelines with your counsel?

3              THE DEFENDANT:  I have.

4              THE COURT:  And in that connection I've been furnished

5    with a letter agreement which takes the form of a letter dated

6    May 25th, 2007 from the government to defense counsel and

7    which we will mark as Court Exhibit 1 to today's proceedings.

8    And it appears, Mr. Whittier, that you signed it earlier today,

9    is that correct?

10             THE DEFENDANT:  It is.

11             THE COURT:  Before signing it, did you read it?

12             THE DEFENDANT:  I did.

13             THE COURT:  Did you discuss it with your counsel?

14             THE DEFENDANT:  I have.

15             THE COURT:  Did you understand its terms?

16             THE DEFENDANT:  I did.

17             THE COURT:  And did you sign it in order to indicate

18   your agreement to it?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Now this letter agreement, Court

21   Exhibit 1, is binding between you and the government but it is

22   not binding on me.  It is not binding on the Court, do you

23   understand that?

24             THE DEFENDANT:  I do.

25             THE COURT:  For example, with respect to the

75u1whip                    Plea

1    Sentencing Guidelines that we just discussed, this letter

2    agreement says that you and the government have calculated a

3    Sentencing Guidelines range of 188 to 235 months.  I may agree

4    with that calculation or I may disagree with that calculation.

5    Even if I agree with that calculation, I may go higher, I may

6    go lower, or anywhere in between.  And regardless of where I

7    come out on sentence, if you plead guilty, you will be bound by

8    my sentence.  Do you understand that?

9              THE DEFENDANT:  I do.

10             THE COURT:  More generally, do you understand that if

11   anyone has made any kind of promise or prediction or estimate

12   or representation to you of what your sentence will be in this

13   case, that person or persons could be wrong and nevertheless,

14   if you plead guilty, you will still be bound by the sentence?

15   Do you understand that?

16             THE DEFENDANT:  I do understand that.

17             THE COURT:  Does the government represent that this

18   letter agreement is the entirety of any and all agreements

19   entered into between the United States and Mr. Whittier in

20   connection with this plea?

21             MR. FELDMAN:  Yes, your Honor.

22             THE COURT:  Does defense counsel confirm that that is

23   correct?

24             MS. PEERCE:  Yes, your Honor.  We do have a separate

25   proposed settlement with the SEC.  I don't think that that

75u1whip                          Plea

1   would be responsive to your Honor's question, but I do want

2   to --

3            THE COURT:  No, but thank you for --

4            MS. PEERCE:  I did want your Honor to know there's a

5   proposed settlement which is subject to commission approval,

6   but that is the subject of the SEC proceeding.

7            THE COURT:  Thank you for letting me know that.

8            Mr. Whittier, do you also confirm that the only

9   agreements you have made with the Department of Justice in

10  connection with this plea are those set forth in this letter

11  agreement, is that correct?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Incidentally, because the agreement,

14  although it's not binding on the Court, is binding between you

15  and the government, therefore under this agreement if I do

16  sentence you to 235 months or less, then under your agreement

17  with the government you've agreed not to appeal or collaterally

18  attack your sentence.  Do you understand that?

19           THE DEFENDANT:  I do.

20           THE COURT:  Also, as part of this agreement, you have

21  agreed with the government to forfeit to the United States any

22  sum of money equal to $5,535,571.  Do you understand that?

23           THE DEFENDANT:  I do.

24           THE COURT:  All right.  Now does the government

25  represent that if this case were to go to trial, it would,

75u1whip                         Plea

1    through competent evidence, prove every essential element of

2    these three counts beyond a reasonable doubt?

3         MR. FELDMAN:  Yes, your Honor.

4         THE COURT:  Does defense counsel know of any valid

5    defense likely to prevail at trial or any other reason why her

6    client should not plead guilty?

7         MS. PEERCE:  I do not, your Honor.

8         THE COURT:  Then Mr. Whittier, tell me in your own

9    words what it is you did that makes you guilty of these crimes.

10        MS. PEERCE:  Your Honor, and if I may, Mr. Whittier

11   has prepared allocution that we have worked on with him.  He is

12   obviously very nervous, your Honor, so if he can consult that

13   from time to time, just to make sure that he accurately conveys

14   to you what it is that he did.

15        THE COURT:  Yes.  That's fine.

16        THE DEFENDANT:  I'd actually like to consult probably

17   a little bit more from time to time.  Just read you, in my own

18   words, my allocution.

19        THE COURT:  Okay.

20        THE DEFENDANT:  I was a general partner of Wood River

21   Partners from February 2003 through the fall of 2005 and Wood

22   River Offshore from July of 2005 through the fall of 2005.  In

23   that capacity I engaged in wrongful conduct, including

24   intentionally concealing the size of my beneficial ownership

25   position in a public company named Endwave Corporation.  I

75u1whip                    Plea

1  purchased and sold Endwave stock knowing that the true -- the

2  truth regarding my Endwave holdings was material information

3  that was not publicly known.

4        In the course of conducting these trades I used

5  telephones, faxes and the internet.

6        As general partner of both funds, I misled my

7  investors in several ways.  For example, I knowingly and

8  intentionally failed to cause the timely filings of forms with

9  the SEC pursuant to Rules 13d-1 and 16a, disclosing that I

10 beneficially owned in excess of 5 percent and 10 percent,

11 respectively, of shares of Endwave.

12       Further, the undisclosed concentrated position in the

13 Endwave security far exceeded the maximum cap for a single

14 stock provided for in the funds stated investment parameters.

15       In addition, in the summer of 2005 I caused a false

16 filing of a schedule 13D-G form, which did not accurately

17 disclose the complete and correct beneficial ownership I had of

18 a company called MediaBay.  At the time of the filing I knew

19 that this was material information.

20       Some of my investors were in Manhattan and some of my

21 false or misleading statements were also made in Manhattan.

22       I knew at the time that what I was doing was wrong.

23 I've embarrassed myself and my family and caused harm to my

24 investors.  I am sincerely remorseful and I am truly sorry.

25       THE COURT:  All right.  Thank you very much.

75u1whip                         Plea

1          Is there anything else regarding the factual portion

2    of the allocution that the government wishes the Court to

3    inquire about?

4          MR. FELDMAN:  Your Honor, could you just inquire --

5    Mr. Whittier mentioned that the investors were in Manhattan and

6    that statements were made in Manhattan.  Could you inquire

7    whether he actually had brokerage accounts in Manhattan and

8    where the MediaBay and Endwave stock were purchased.

9          THE COURT:  Okay.  Did you?

10         THE DEFENDANT:  Sir, I had investment banks that I did

11   business with, investment banks that were based in New York

12   City.

13         THE COURT:  Okay.  Anything else?

14         MR. FELDMAN:  No, your Honor.

15         THE COURT:  All right.  Is there anything else

16   regarding any aspect of the allocution that either counsel

17   wishes the Court to further inquire about before I ask the

18   defendant to formally enter his plea?  Anything further from

19   the government?

20         MR. FELDMAN:  Your Honor, on my checklist the one

21   thing I see was omitted was questioning the defendant about

22   restitution, that that's mandatory to counts 1, 2 and 4 as

23   well.

24         THE COURT:  Yes.  Thank you for reminding me of that.

25   Although actually, I don't see it in your plea agreement.

75u1whip                    Plea

1        MR. FELDMAN:  The third paragraph on page 2, your

2   Honor.

3        THE COURT:  Ah.  Okay.

4        So Mr. Whittier, in addition to all the other

5   punishments we talked about, do you understand that if you

6   enter your plea of guilty in a moment, you will also be subject

7   to a mandatory order of restitution to the victims of your

8   crimes?

9        THE DEFENDANT:  I do understand that.

10        THE COURT:  All right.  Anything else?

11        MR. FELDMAN:  No, your Honor.

12        THE COURT:  Anything from ' defense counsel?

13        MS. PEERCE:  No, your Honor.

14        THE COURT:  Then Mr. Whittier, in light of everything

15   we've now discussed, how do you now plead, first to count

16   number 1, the securities fraud count, guilty or not guilty?

17        THE DEFENDANT:  Guilty.

18        THE COURT:  And how do you plead to count number 2,

19   charging you with failing to disclose ownership in excess of

20   5 percent of a publicly traded security, guilty or not guilty?

21        THE DEFENDANT:  Guilty.

22        THE COURT:  And finally, how do you plead to count 4,

23   charging you with failing to disclose ownership in excess of

24   10 percent of a publicly traded security, guilty or not guilty?

25        THE DEFENDANT:  Guilty.

75u1whip                          Plea

1          THE COURT:  And are you pleading guilty voluntarily?

2          THE DEFENDANT:  I am.

3          THE COURT:  Because the defendant has acknowledged his

4     guilt as charged, because he's shown he understands his rights,

5     and because his plea is entered knowingly and voluntarily and

6     is supported by an independent basis in fact containing each of

7     the essential elements of each of the offenses, I accept his

8     plea and adjudge him guilty of counts 1, 2 and 4 of

9     Indictment 07 Criminal 087.

10          Please be seated.

11          So Mr. Whittier, the next stage in this process is

12     that the probation department will prepare what's called a

13     presentence report to assist the Court in determining sentence.

14     And as part of that, you will be interviewed by the probation

15     officer.  You can have your counsel present to advise you of

16     your rights.  But my practice is, if you want to qualify for

17     full credit of acceptance of responsibility, you personally

18     need to answer any and all questions put to you by the

19     probation officer.  Do you understand that?

20          THE DEFENDANT:  I do.

21          THE COURT:  After that report is in draft form but

22     before it's in final form, you and your counsel and also

23     government counsel have a chance to offer suggestions and

24     corrections and additions to the probation officer, who will

25     then prepare the report in final to come to me.

75u1whip                    Plea

1       Independent of that, counsel for both sides are hereby

2   given leave to submit directly to the Court in writing any and

3   all materials bearing on any aspect of sentence, provided those

4   materials are submitted no later than one week before sentence.

5       Now we will set this sentence down for --

6       MS. PEERCE:  Your Honor, if I might request a

7   sentencing date of mid October.  As your Honor is aware from

8   the plea agreement, there are complicated financial

9   requirements that Mr. Whittier has to meet.

10      He also has a 5-year-old child with autism.  We would

11  be submitting, along with -- in our sentencing package,

12  material related to his child's condition and the complicated

13  sentencing.

14      I also, on a personal level, plan on taking the last

15  two weeks of August off.

16      For all those reasons, I would respectfully request,

17  to enable this complicated financial package to be met and for

18  the reasons of the son, a midOctober sentencing date, if that

19  would be acceptable to the Court.

20      THE COURT:  What's the government's view?

21      MR. FELDMAN:  Your Honor, in our negotiations it was

22  clear to us that this is a complicated matter related to

23  forfeiture and real estate transactions.  We have no objection

24  to the request.

25      THE COURT:  All right.  It is not my usual policy, as

20

75ulwhip                        Plea

1    counsel are aware, to put off sentencing.  However, under these

2    circumstances I will do so.  I want both sides to understand

3    that the date we're now about to set is a firm, fixed and final

4    date and will not be subject to further adjournments.  So if,

5    for example, problems arise in the financial arrangements or

6    anything like that, I'm sorry, but we still go forward with the

7    sentence.

8            So how about October 15th at 2 p.m.?

9            MS. PEERCE:  That's fine, your Honor.  I appreciate

10   it.

11           THE COURT:  All right.  Very good.

12           MS. PEERCE:  Your Honor, there's one more thing.  The

13   proposed settlement with the SEC provides that the prejudgment

14   interest that Mr. Whittier is paying to the SEC is going to be

15   paid towards restitution, and that money needs to be paid prior

16   to sentencing.  There will not be a restitution order in place

17   for the clerk to accept such a check, and so at the appropriate

18   time I would propose to your Honor that I submit a proposed

19   order, with the government's consent, that that money be

20   accepted by the clerk for restitution, if the commission

21   accepts the proposed settlement that is being submitted.  So I

22   just wanted to alert your Honor to that possibility.

23           THE COURT:  Yes, that's fine.  You can just without

24   further ado send that proposed order along when it becomes

25   ripe, so to speak, once the SEC has approved of the settlement.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

75u1whip                    Plea

1  Experience suggests that in contrast to all other human beings,

2  the clerk of the court will not accept money except with a

3  written order.  So I'm glad you've anticipated that.

4          MS. PEERCE:  That's exactly why I did, your Honor.

5          THE COURT:  Very good.

6          Anything else?

7          MS. PEERCE:  Not from the defense, your Honor.

8          MR. FELDMAN:  Nothing from the government, your Honor.

9          THE COURT:  Very good.  Thanks very much.

10         THE DEPUTY CLERK:  All rise.

11                          oOo

12

13

14

15

16

17

18

19

20

21

22

23

24

25