# EXHIBIT J

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 45714 (D.Or.), Fed. Sec. L. Rep. P 96,053
**(Cite as: Not Reported in F.Supp.)**

**H**

Rolex Employees Retirement Trust v. Mentor Graphics Corp.
D.Or.,1991.

United States District Court, D. Oregon.
ROLEX EMPLOYEES RETIREMENT TRUST, Philip Schmidt, Trustee, on behalf of itself and all others similarly situated, Plaintiff,
v.
MENTOR GRAPHICS CORPORATION, Thomas H. Bruggere, Gerald H. Langeler, David C. Moffenbeier, Brian C. Henry and Marvin S. Wolfson, Defendants.
Scott J. MORELAND, on behalf of himself and all others similarly situated, Plaintiff,
v.
MENTOR GRAPHICS CORPORATION, Thomas H. Bruggere, Gerald H. Langeler, David C. Moffenbeier, Brian C. Henry and Marvin S. Wolfson, Defendants.
**Civ. Nos. 90-726-CR(LEAD), 90-931-FR.**

March 26, 1991.

Gary I. Grenley, Michael C. Zusman, Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland, Or., Max W. Berger, Joel R. Laitman, Bernstein Litowitz Berger & Grossmann, New York City, for plaintiff.
Barnes H. Ellis, Lois O. Rosenbaum, Anton U. Pardini, Stoel Rives Boley Jones & Grey, Portland, Or., for defendants.

OPINION

FRYE, District Judge.
*1 The matter before the court is the motion (# 52) of defendants, Mentor Graphics Corporation (Mentor Graphics), Thomas H. Bruggere, Gerald H. Langeler, David C. Moffenbeier, Brian C. Henry and Marvin S. Wolfson, to dismiss Count II of the amended complaint of plaintiff, Scott J. Moreland, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

ALLEGATIONS OF COUNT II OF THE

AMENDED COMPLAINT

Mentor Graphics designs, manufactures, markets and services electronic design automation (EDA) software and systems. The software of Mentor Graphics is integrated with workstations manufactured by Hewlett-Packard. In the future, the software of Mentor Graphics will also be available on the workstations of Sun Microsystems. In addition to its corporate office in Beaverton, Oregon, Mentor Graphics has sales and support offices located throughout the world. Based upon 1989 revenue, Mentor Graphics is the world's leading supplier of EDA systems and the world's fourth largest supplier in the design automation industry.

Moreland purchased 200 shares of common stock of Mentor Graphics on May 10, 1990 for $23.75 per share and suffered substantial losses because of the wrongful acts of the defendants. Moreland made this purchase pursuant to an offer to buy such shares which was made and accepted in the State of Oregon.

Bruggere was at all relevant times, chief executive officer of Mentor Graphics and a member of its board of directors. He owns 494,366 shares of common stock in Mentor Graphics. Langeler was at all relevant times, the president and chief operating officer of Mentor Graphics and a member of its board of directors. He owns 530,700 shares of common stock in Mentor Graphics. Moffenbeier was at all relevant times, the executive vice president of Mentor Graphics and a member of its board of directors. He owns 110,220 shares of common stock in Mentor Graphics. Henry was at all relevant times, vice president and chief financial officer of Mentor Graphics and has served as an officer of Mentor Graphics since 1984. Wolfson was at all relevant times, product group vice president of Mentor Graphics and has served as an officer since 1987.

At all relevant times, and while they were in possession of material, adverse, non-public information, certain of the individual defendants sold

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 45714 (D.Or.), Fed. Sec. L. Rep. P 96,053
(Cite as: Not Reported in F.Supp.)

shares of the common stock of Mentor Graphics as follows: on May 31, 1990, Langeler sold 25,000 shares for $21.70 per share; on May 14, 1990, Moffenbeier sold 10,000 shares for $23.75 per share; on May 11, 21 and 23, 1990, Henry sold 15,334 shares for prices ranging from $23.88 per share to $24.18 per share; and on April 25, 1990 and May 23, 1990, Wolfson sold 12,000 shares for prices ranging from $19.46 per share to $23.95 per share. Each of these defendants reaped substantial profits from these sales because of their trading in advance of disclosure of material, non-public, adverse information concerning Mentor Graphics.

By reason of their senior management positions, their membership on the board of directors, and their roles in the day-to-day operation of Mentor Graphics, the individual defendants knew and concealed or should have known adverse, nonpublic information about the financial condition, operations, and future business prospects of Mentor Graphics. The individual defendants had a duty to promptly disseminate accurate and truthful information with respect to the operations, financial condition, and management practices of Mentor Graphics to public investors, including Moreland.

**\*2** The defendants made material misrepresentations regarding the financial condition and management deficiencies of Mentor Graphics so that they could entrench their positions as executives and directors of Mentor Graphics, could conceal and cover up their own prior and current misconduct, could avoid being held responsible for that misconduct, and could reap substantial profits from the sale of their stock in Mentor Graphics. The defendants falsely led investors to believe that the earning figure of $.26 per share, announced for the first quarter of 1990, was a weak result which would be followed by substantially stronger earnings during the remainder of 1990.

The defendants had no reasonable basis to project conservative earnings of $1.25-$1.30 per share for 1990. Mentor Graphics knew or should have known that slowdowns in orders, costs associated with product development, and delays in the integration

of the products of Mentor Graphics with the workstations of Sun Microsystems would have a dramatic and negative effect on the 1990 earnings of Mentor Graphics.

The defendants misled the investing public into believing that the 1990 first quarter earnings of $0.26 per share would be the lowest earnings for the year when the defendants knew or should have known that the earnings for the second quarter and the remainder of 1990 would be disappointing. The defendants knew or should have known that customer orders were substantially reduced and that this reduction in orders would have a dramatic effect on second quarter and full year earnings for 1990.

The defendants knew or should have known that Hewlett-Packard was going to introduce new products which would have a negative effect on customer orders until such products were actually introduced. The defendants knew or should have known that the lack of integration between the products of Sun Microsystems and Mentor Graphics would cause a slowdown in customer orders.

As a result of the dissemination of false and misleading information by the defendants, the price of the stock of Mentor Graphics was artificially inflated from April 20, 1990 to July 3, 1990. Had Moreland known the adverse information not disclosed by the defendants, he would not have purchased stock in Mentor Graphics at this artificially inflated price. Moreland has been substantially damaged by the losses he suffered because of the failure of the defendants to disclose the adverse information.

Mentor Graphics is liable as "[a] person who sells a security" under O.R.S. 59.115(1)(a) for violating O.R.S. 59.135, and under O.R.S. 59.115(1)(b) as an original seller of the securities later resold by virtue of the active solicitation of sales by the defendants in the after-market by promoting and elevating the interest of the investing public through false or misleading statements and omissions. Each of the individual defendants, except Bruggere, is also liable as persons who sold a security under O.R.S.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 45714 (D.Or.), Fed. Sec. L. Rep. P 96,053
(Cite as: Not Reported in F.Supp.)

59.115(1)(a) for violating O.R.S. 59.135, and under O.R.S. 59.115(1)(b) by virtue of their own personal sales of Mentor Graphics stock during the time period relevant to this complaint.

**\*3** Each of the individual defendants is liable under O.R.S. 59.115(3) as control persons, officers, directors, participants and/or material aiders of Mentor Graphics. Each of the defendants is directly liable under O.R.S. 59.135.

## CONTENTIONS OF THE PARTIES

The defendants contend that Count II of Moreland's amended complaint should be dismissed because 1) his attempt to state a cause of action directly under O.R.S. 59.135 must fail because no direct or implied cause of action exists under that statute; 2) Moreland cannot state a claim against any of the defendants under O.R.S. 59.115(1)(a) or (b) because he cannot allege that the requisite "buyer-seller relationship" ever existed between himself and any of the defendants; and 3) Moreland cannot state a claim against the individual defendants under O.R.S. 59.115(3) because he cannot establish the prerequisite liability of Mentor Graphics as a seller under O.R.S. 59.115(1).

Moreland contends that Count II of his amended complaint should not be dismissed because 1) the court should imply a cause of action under O.R.S. 59.135; and 2) he alleges facts sufficient to state a claim under O.R.S. 59.115(1)(a) and (b) because Mentor Graphics and each of the individual defendants are "sellers" within the meaning of that statute; and 3) he has alleged facts sufficient to state a claim against the individual defendants under O.R.S. 59.115(3).

## APPLICABLE STANDARD

For purposes of a motion under Fed.R.Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. _Western Mining Council v. Watt_, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981). The court should dismiss a complaint for failure to state a claim only

when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. _Conley v. Gibson_, 355 U.S. 41, 45 (1957).

## ANALYSIS AND RULING

### Moreland's Claim Under O.R.S. 59.135

Under O.R.S. 59.135, it is illegal for any person to defraud another person in connection with the purchase or sale of any security. A private right of action does not exist under this section independently, but rather may only be maintained through O.R.S. 59.115(1)(a). _Held v. Product Mfg. Co._, 286 Or. 67, 69, 592 P.2d 1005 (1979); _Nesbit v. McNeil_, 896 F.2d 380, 387 (9th Cir.1990). The court declines to imply a cause of action under O.R.S. 59.135. Therefore, Moreland's claim under O.R.S. 59.135 must be dismissed.

### Moreland's Claim Under O.R.S. 59.115(1)(a) or (b)

A. Is Mentor Graphics a "seller" within the meaning of O.R.S. 59.115(1)?

Moreland contends that Mentor Graphics is a seller within the meaning of O.R.S. 59.115(1) because 1) Mentor Graphics was the original issuer of the stock which Moreland ultimately bought on the open market; and 2) following the issuance of its stock, Mentor Graphics made public statements about its financial condition in an effort to solicit the purchase of publicly-owned Mentor Graphics stock so as to increase the value of that stock.

**\*4** O.R.S. 59.115 provides in part:

(1) A person who sells a security is liable as provided in subsection (2) of this section to a purchaser of the security if the person:

(a) Sells a security in violation of the Oregon Securities Law or of any condition, limitation or restriction imposed upon a registration or license under the Oregon Securities Law; or

(b) Sells a security by means of an untrue statement of a material fact or an omission to state a material

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 45714 (D.Or.), Fed. Sec. L. Rep. P 96,053
(Cite as: Not Reported in F.Supp.)

Case 1:07-cv-06305-HB    Document 10-11    Filed 08/31/2007    Page 5 of 6

Page 4

fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that the person did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

The Oregon Supreme Court has not yet addressed the issue of who may be held liable as a "seller" under Oregon Securities law. *Poole v. Frank, dba The Prudent Speculator,* Civil No. 88-737-MA, opn. at 8 (Oct. 31, 1990).

By its language, O.R.S. 59.115(1) applies only to a buyer-seller relationship. *Nesbit v. McNeil,* 896 F.2d at 387. Moreland does not allege that Mentor Graphics sold any stock to him directly or on the open market during the time period relevant to this complaint. Therefore, under the plain language of the statute, Mentor Graphics is not a seller of a security and cannot be held liable under O.R.S. 59.115(1).

Moreland urges the court to look beyond the language of O.R.S. 59.115(1) and to interpret the statute in light of the case law developed pursuant to section 12 of the Securities Act of 1933, 15 U.S.C. § 77l(1). Because Oregon courts look to decisions construing section 12 of the Securities Act of 1933 for guidance in construing O.R.S. 59.115(1), the court will engage in that analysis. *Karsun v. Kelley,* 258 Or. 155, 161, 482 P.2d 533 (1971); *Everts v. Holtmann,* 64 Or.App. 145, 151, 667 P.2d 1028 (1983); *Poole* at 10.

Section 12 imposes liability on "[a]ny person who offers or sells a security" in violation of the registration requirements of the Securities Act. Under the Securities Act, an offer to sell is defined as every attempt or offer to dispose of or solicitation of an offer to buy a security or interest in a security for value. 15 U.S.C. § 77l(3). Based on these definitions, the United States Supreme Court concluded that the group of persons potentially liable under section 12 is not limited to those persons who actually pass title to securities, but may include individuals who engage in the solicitation of offers to purchase or sell incident to the passage of title, activities not inherently confined to the actual owners of the securities. *Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 2076-81 (1988).

With this background, the court again turns to the language of O.R.S. 59.115(1), which differs significantly from the language of section 12 of the Securities Act because it refers only to a person who "sells" and does not include the words "offers to sell." The reference to "offers" in O.R.S. 59.115(1) was expressly deleted from the statute during legislative revisions in 1985. Unlike the language in section 12 of the Securities Act, the language in O.R.S. 59.115(1) provides no basis for this court to extend liability under the statute beyond a person who actually passes title to a security.

*5 Moreland does not allege that Mentor Graphics sold any stock directly to him or on the open market during the time period relevant to this complaint. Therefore, Mentor Graphics cannot be held liable as the seller of a security under O.R.S. 59.115(1). Moreland's claims against Mentor Graphics pursuant to O.R.S. 59.115(1)(a) and (b) are dismissed.

B. Are defendants Langeler, Moffenbeier, Henry and Wolfson "sellers" within the meaning of O.R.S. 59.115(1)(a) or (b)?

Moreland purchased his shares of Mentor Graphics stock on the open market on May 10, 1990. Moreland contends that Langeler, Moffenbeier, Henry and Wolfson are liable to him as sellers under O.R.S. 59.115(1) because each of them sold stock in Mentor Graphics on the open market sometime during the time period relevant to this complaint. Moreland alleges that on May 31, 1990, Langeler sold 25,000 shares for $21.70 per share; on May 14, 1990, Moffenbeier sold 10,000 shares for $23.75 per share; on May 11, 21 and 23, 1990, Henry sold a total of 15,334 shares for prices ranging from $23.88 per share to $24.18 per share; and on April 25 and May 23, 1990, Wolfson sold 12,000 shares for prices ranging from $19.46 per share to $23.95

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 45714 (D.Or.), Fed. Sec. L. Rep. P 96,053
**(Cite as: Not Reported in F.Supp.)**

per share.

Only two of the sales of stock by the individual defendants occurred prior to the time Moreland purchased his stock so as to form a possible basis for this claim. However, Moreland does not allege that any sales of stock by these individual defendants were made on the date of his stock purchase. Because Moreland cannot allege that the requisite "buyer-seller" relationship existed between himself and any of the individual defendants, *Nesbit v. McNeil,* 896 F.2d at 387, the claims of Moreland against Langeler, Moffenbeier, Henry and Wolfson under O.R.S. 59.115(1)(a) and (b) are dismissed.

### Moreland's Claim Under O.R.S. 59.115(3)

Pursuant to O.R.S. 59.115(3), one who is not himself the seller of a security may be held liable for an unlawful sale if he participates or materially aids in the sale. *Prince v. Brydon,* 307 Or. 146, 149, 764 P.2d 1370 (1988). However, the officers and directors of a corporation cannot be held liable under O.R.S. 59.115(3) unless the plaintiff can plead and prove the liability of the corporation as a "seller" under O.R.S. 59.115(1). *Metal Tech Corp. v. Metal Techniques Co.,* 74 Or.App. 297, 306, 703 P.2d 237 (1985); *In re Melridge, Inc. Sec. Litig.,* 1989 WL 155691 at 10-11 (D.Or. Dec. 14, 1989) (J. Frye). Because the court finds that Moreland cannot state a claim against Mentor Graphics under O.R.S. 59.115(1), Moreland's claims against the individual defendants under O.R.S. 59.115(3) must also be dismissed.

### CONCLUSION

The defendants' motion (# 52) to dismiss Count II of the amended complaint of Moreland is granted.

### ORDER

IT IS HEREBY ORDERED that defendants' motion (# 52) to dismiss Count II of the amended complaint of plaintiff, Scott J. Moreland, is GRANTED.

DATED this 26 day of March, 1991.

D.Or.,1991.

Rolex Employees Retirement Trust v. Mentor Graphics Corp.
Not Reported in F.Supp., 1991 WL 45714 (D.Or.), Fed. Sec. L. Rep. P 96,053

END OF DOCUMENT