**EXHIBIT B**

Case 1:07-cv-06305-HB   Document 19-3   Filed 10/19/2007   Page 1 of 6

Ned Williamson
Attorney at Law
115 Second Avenue South
Hailey, Idaho 83333
208-788-6688
Fax: 208/788-7901
wlo@cox-internet.com
ISB No. 3131

Robert S Banks, Jr.
BANKS LAW OFFICE, P.C.
209 SW Oak Street, Suite 400
Portland, Oregon 97204
503-222-7475
Fax: 503-467-7689
bob@bankslawoffice.com
Admitted Pro Hac Vice

      Of Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| HOWARD HOUSTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SEWARD & KISSEL, LLP and JOHN ) <br> HUNTING WHITTIER, ) <br> ) <br> Defendants. ) | Case No. CV - 2006-717 <br><br> PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT SEWARD & KISSEL, LLP |

Page i    PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT SEWARD & KISSEL, LLP

BANKS LAW OFFICE, P.C.
Suite 400
209 S.W. Oak Street
Portland, Oregon 97204
(503) 222-7475
www.bankslawoffice.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................. iii

FACTS ....................................................................... 1
I. OVERVIEW OF THE WOOD RIVER FRAUD ............................. 1
II. SEWARD'S SUBSTANTIAL ROLE IN WOOD RIVER ..................... 2
    A. Seward Provided Services to Wood River for Eight Years ............... 2
    B. Seward Created All Original And Updated Wood River Offering Documents And Opined On the Legality of the Investment ............... 3
    C. Seward's Name Is Exploited In Offering and Sales Materials As Counsel and Service Provider To Wood River ............... 4
    D. Seward Monitored The Sales From Idaho of The Wood River Investment ............. 4
    E. Seward Was A Full Service Law Firm For Wood River ................. 5
    F. Seward's Early Knowledge of the Undisclosed Endwave Concentration And Representation of Wood River In A Related Dispute ........... 5
    G. Seward's Knowledge of Undisclosed Liquidity Problems ............... 6
    H. Seward's Knowledge of Whittier's Credit Problems .................. 6
    I. Seward's Idaho Advice ......................................... 7
III. CONTACTS WITH IDAHO ................................................ 7
    A. The Idaho Contacts of Seward's Clients Whittier and Wood River ........ 7
    B. Seward's Contacts With Whittier and Wood River in Idaho ............. 9

ARGUMENT .................................................................. 10
I. THE IDAHO STANDARDS FOR PERSONAL JURISDICTION ARE LIBERALLY CONSTRUED AND FAVOR THE FINDING OF JURISDICTION ............ 10
II. IDAHO IS THE MOST CONVENIENT FORUM ............................ 18
III. DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MUST BE DENIED ................................................... 19

CONCLUSION ............................................................... 21

Page ii    PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT SEWARD & KISSEL, LLP

BANKS LAW OFFICE, P.C.
Suite 400
209 S.W. Oak Street
Portland, Oregon 97204
(503) 222-7475
www.bankslawoffice.com

documents attached to the Banks Declaration, lived and worked in Ketchum, Idaho. Those witnesses are presumably less willing and able to travel to New York than the Seward lawyers would be able to come to Idaho. Most if not all of the documents Wood River surrendered to the Receiver are available on the Internet, Banks Declaration, ¶ 5, and if any were withheld by Wood River, they will likely be in Idaho. And, an Idaho court is better equipped to apply the substantive law of its neighboring state, Oregon, than is a New York court.

If Seward's motion were granted, plaintiff would have to pursue its claims against Whittier here, and those against Seward in a separate, parallel action in New York. It would be a waste of judicial resources and the resources of plaintiff to require this case to be litigated in two separate forums.

### III. DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MUST BE DENIED.

Seward contends that there is no private right of action against it under ORS 59.135 and ORS 59.137. S&K Memo, p. 15-16. That is incorrect. Until 2004, there were conflicting decisions on whether ORS 59.135 provided a private right of action. However, the legislature clarified the matter in passing amended ORS 59.137 in 2004. As quoted in paragraph 24 of the Complaint, that statute now makes clear that:

> (1) Any person who violates or materially aids in a violation of ORS 59.135 (1), (2) or (3) is liable to any purchaser or seller of the security . . . unless the person who materially aids in the violation sustains the burden of proof that the person did not know and, in the exercise of reasonable care, could not have known of the existence of the facts on which the liability is based.

The 2004 statute was enacted after the decisions cited by Seward in support of its motion.

Seward also contends that plaintiff has failed to state a claim against it for participating or materially aiding in the unlawful sales to plaintiff. S&K Memo at 19. Plaintiff has alleged a

Page 19   PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION
         TO DISMISS OF DEFENDANT SEWARD & KISSEL, LLP

BANKS LAW OFFICE, P.C.
Suite 400
209 S.W. Oak Street
Portland, Oregon 97204
(503) 222-7475
www.bankslawoffice.com

series of misrepresentations and omissions in connection with the sale of the Wood River investment to him. Complaint §§ 12-16, 19-21. Plaintiff has also alleged that Seward participated and materially aided in the sales in a number of particulars, including the drafting of offering documents. *Id*, § 29. As a matter of law, Seward is a participant to the Wood River sales to plaintiff by its own admission that it drafted the offering documents:

> There is no question that a person who prepares documentation in connection with a sale of securities is a person who "participates or materially aids" in the sale under ORS 59.115(3). *See, e.g., Towery v. Lucas*, 128 Ore. App. 555, 564, 876 P.2d 814 (1994) (attorney preparing documents).

*Anderson v. Carden*, 146 Ore. App. 675, 684 (Or. Ct. App. 1997).

Finally, Seward contends that the complaint should be dismissed for failure to plead fraud with particularity. S&K Memo at 16-19. Seward misunderstands the claims made against it. Plaintiff does not make any fraud claims against Seward. Plaintiff alleges that Seward is liable under the Oregon statutes, which do not require a showing of fraud, or even of the violation of any law for participant liability. As the court explained in *Anderson*:

> It bears noting that the remedy against nonseller participants is not contingent on the nonsellers' violation of any law. As we explained in *Computer Concepts, Inc. v. Brandt*, 137 Ore. App. 572, 905 P.2d 1177 (1995), rev den 323 Ore. 153, 916 P.2d 312 (1996), the liability of the nonseller participant under ORS 59.115(3) is predicated on the violation of the seller. The nonseller participant becomes liable under ORS 59.115(3) because it has "participated or materially aided" in the sale, not because it has violated any law. The statute affords such persons an affirmative defense in the event that they can establish that they did not know, or could not reasonably have known of the facts on which liability is based. ORS 59.115(3). That imposes what the Supreme Court has recognized as "a substantial burden" on nonseller participants, but, as the court also has observed, "this legislative choice was deliberate." *Prince v. Brydon*, 307 Ore. 146, 150, 764 P.2d 1370 (1988).

*Anderson*, 146 Ore. App. 675, 683 (Or. Ct. App. 1997).

For that reason, none of the myriad cases decided under the Oregon Securities Law has

Page 20   PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION
        TO DISMISS OF DEFENDANT SEWARD & KISSEL, LLP

BANKS LAW OFFICE, P.C.
Suite 400
209 S.W. Oak Street
Portland, Oregon 97204
(503) 222-7475
www.bankslawoffice.com

ever held that a plaintiff needed to plead fraud with particularity against a nonseller participant.

## CONCLUSION.

Plaintiff respectfully requests that the motions be denied. Alternatively, plaintiff requests that the motion to dismiss for lack of personal jurisdiction be postponed until the plaintiff has had an opportunity to take discovery.

DATED: December 20, 2006

WILLIAMSON LAW OFFICE, PLLC

_____

Ned C. Williamson

BANKS LAW OFFICE, P.C.

_____

Robert S. Banks, Jr.
Admitted Pro Hac Vice

Attorneys for Plaintiff

Page 21    PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION
TO DISMISS OF DEFENDANT SEWARD & KISSEL, LLP

BANKS LAW OFFICE, P.C.
Suite 400
209 S.W. Oak Street
Portland, Oregon 97204
(503) 222-7475
www.bankslawoffice.com