ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

RECEIVED
FEB 14 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOWARD HOUSTON,

        Plaintiff,

v.

SEWARD & KISSEL LLP,

        Defendant.

ECF Case

07 Civ. 6305 (HB)

**CONFIDENTIALITY STIPULATION AND ORDER**

---

    WHEREAS, discovery (including, without limitation, interrogatories, document production and depositions) and other proceedings in this action may involve the production or disclosure of confidential information; and

    WHEREAS, the parties to this action believe that entry of this Confidentiality Stipulation and Order (the "Confidentiality Agreement") will provide a level of confidentiality appropriate to the sensitivity of the documents and information at issue and consistent with the need for a fair disposition of this action;

    IT IS HEREBY AGREED THAT, pursuant to Federal Rule of Civil Procedure 26(c) and subject to the approval of the Court, this Confidentiality Agreement shall govern the use and handling of documents, deposition testimony or any testimony by any witness, interrogatory responses, responses to requests for admission, and other information, including all copies, excerpts and summaries thereof ("Material") produced by the parties or any other individual or entity, including non-parties in connection with the above litigation, entitled *Houston v. Seward & Kissel LLP*, 07 Civ. 6302 (HB).

1. This Confidentiality Agreement shall incorporate the definitions of each of the terms set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2. The Plaintiff, Defendant and any third party (the "Designating Party") may designate as CONFIDENTIAL any Material relevant to this litigation that contains or discloses such party's or such person's confidential business information, or sensitive proprietary commercial, financial or research information ("Confidential Material"). The fact that a party, in connection with another judicial, administrative or regulatory proceeding, did not or does not designate as "CONFIDENTIAL" any confidential Material disclosed or provided to any party or person in connection with that action or proceeding shall not preclude the designation of such confidential Material as "CONFIDENTIAL" for purposes of this agreement.

3. Confidential Material shall include, but not be limited to, all party and third-party documents, depositions and court filings marked as "CONFIDENTIAL" which are produced in this Action pursuant to a discovery request or subpoena. Such Confidential Material will be governed by the terms and conditions of this Confidentiality Agreement. Moreover, any party may designate as "CONFIDENTIAL" any Material that contains its confidential information, whether those Materials were produced by that party or a third-party.

4. Confidential Material shall, where possible, be conspicuously marked "CONFIDENTIAL" by the Designating Party before or at the production thereof for inspection or copying. In circumstances where such marking is impossible or impractical, the Designating Party shall designate that Confidential Material as

2

"CONFIDENTIAL" in writing at the time of its production. Confidential Material and/or testimony disclosed at a deposition or hearing shall be designated as such on the record or by a letter to all counsel of record within thirty (30) days of receiving the transcript. The Parties shall treat such deposition Material and/or testimony as confidential until the 30-day period elapses. After such designation, either the entire transcripts of such testimony or statements, or those portions of such transcripts that disclose confidential information shall be conspicuously marked "CONFIDENTIAL."

    5.    Except upon the prior written consent of the Designating Party, Material designated as "CONFIDENTIAL" shall not be disclosed, summarized or otherwise made available to anyone, except:

    (a)    The parties' counsel (including in-house counsel) participating in the prosecution and defense of this action and their legal, clerical, or support staff, including temporary or contract staff;

    (b)    The parties and any present or former officers, directors, trustees or employees whose review of the confidential information is necessary for the prosecution or defense of this action;

    (c)    Any expert or consultant engaged by a party for the purpose of assisting in the preparation of this litigation;

    (d)    The Court, the jury and court personnel, court reporters and persons engaged to make copies;

    (e)    Any witness who testifies or may be called to testify in this litigation (solely for purposes of giving testimony); and

(f) Such other persons, and on such other terms and conditions as all of the parties agree to in writing.

6. Those persons identified in Paragraphs 4(c) above to whom Confidential Material is disclosed shall first be advised that it is being made available under this Agreement; they shall be given a copy of this Agreement; they shall agree to be bound by this Agreement; they shall evidence their consent to be bound by this Agreement by signing and dating a copy of the Confidentiality Undertaking annexed hereto as Exhibit A; and the attorneys of record making the information available shall retain all signed copies of such Confidentiality Undertaking.

7. Those to whom Confidential Material is disclosed pursuant hereto shall forever protect, safeguard, and otherwise respect the confidential nature of such information; shall not disclose it to any person other than those identified in paragraph 4 who are entitled to have it made available to them; shall not use it for any other purpose except as may be necessary for the good faith conduct of this action; and shall maintain all Materials that are, or contain, confidential information, in a secure place where unauthorized disclosure cannot reasonably be expected to occur.

8. Any summary, compilation, notes, copy, electronic images or database containing confidential information shall be subject to the terms of the Agreement to the same extent as the information from which such summary, compilation, notes, electronic image, or database is made or derived.

9. Notwithstanding anything to the contrary above, any party may use without restriction: (1) its own documents or information; and (2) documents or

4

information concerning or reflecting transactions or communications to which it was a party.

10. In the event that any information designated as "CONFIDENTIAL" under the terms hereof is used in any Court proceeding in this action or any appeal therefrom, such information shall not lose its status as "CONFIDENTIAL" through such use. Except as agreed in writing by counsel of record, to the extent that any Confidential Material is contained in, incorporated in, disclosed in or attached to any pleading motion, memorandum, appendix or other judicial filing, counsel shall file that portion of the submission under seal, and that portion shall be designated and treated as a "Sealed Document." The remainder of any such pleading, motion, memorandum, appendix of other judicial filing shall be filed with the Court with appropriate redactions. All "Sealed Documents" shall be filed in a sealed envelope, clearly designated as "CONFIDENTIAL," together with a fully executed copy of this Confidentiality Agreement, and shall remain under seal until such time as this Court orders otherwise.

11. During trial or an evidentiary proceeding in this action, Confidential Material produced pursuant to this Order may be offered into evidence and retained by the Court. However, the information shall not lose its "CONFIDENTIAL" status through such use, and the parties and the Court shall take all reasonable steps to protect its confidentiality during such use.

12. If an objection to a designation of Material as "CONFIDENTIAL" is made, counsel for the objecting party shall set forth its objection in writing to counsel for the designating party and, hereafter, such counsel and designating party shall meet and confer as soon as practicable in a good faith effort to resolve their differences. Failing

5

resolution, the objecting party may, as soon as practicable after the meeting and conference, file a motion to remove the "CONFIDENTIAL" designation. Pending resolution of the motion, the Material in controversy shall be treated as if it bears the "CONFIDENTIAL" classification sought by the designating party except as agreed upon in writing by the parties. This paragraph in no way changes the burden of proof on the parties under existing case law with respect to confidentiality of documents.

13. In the event that one of the parties inadvertently produces Confidential Material that has not been designated as such, it may timely designate the information as "CONFIDENTIAL" by subsequent notice in writing, in which event the parties shall henceforth treat such information in accordance with its designation under the terms hereof, and shall undertake their best efforts to retrieve any disclosure, dissemination, or use of such information prior to the designation. The party which inadvertently produced the Material without the proper designation (the "Producing Party") shall produce it again, where possible, conspicuously marked "CONFIDENTIAL."

14. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof shall be returned immediately to the party claiming privilege and/or work product immunity and any notes of the inadvertently produced privileged and/or work product documents shall be destroyed or otherwise made inaccessible to all parties. Returning documents to the Producing Party, however, does not constitute acceptance of the Producing Party's claims that such documents are privileged and/or work product and is not a waiver of the right to object to such designations.

15. Nothing in this Confidentiality Agreement shall be construed (a) as expanding or limiting the scope of permissible discovery; (b) as a party's waiving its right to object to discovery requests or to demand the discovery of such items; or (c) as relieving the party requesting discovery from making a showing as required by applicable law that the information sought is discoverable.

16. Nothing in this agreement shall affect or inhibit the right of either party to seek to admit into evidence at trial any document designated "CONFIDENTIAL," or to object to the admission into evidence of any such document.

17. If Confidential Material in the possession of a receiving party is subpoenaed by any court or other entity, the party to whom the subpoena is directed shall give written notice of the receipt of any such subpoena to lead counsel of record for each party in this action, and, if applicable, to any third-party that produced the information, which notice shall be given by facsimile or hand delivery within two business days of receipt of the subpoena. Any party to this action shall have ten (10) business days from the receipt of any such notice to apply for additional protection or limitation on production or dissemination of information and documents or their contents. During the pendency of any such application, the party to whom the subpoena is directed shall not produce any Confidential Material until further order of this Court.

18. Entry of this Confidentiality Agreement shall not, in and of itself prejudice any contention of any party upon any motion, nor shall this Confidentiality Agreement and any consent hereto limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or

dissemination of information and documents or their contents. This Confidentiality Agreement may be modified by consent of all the parties.

19. Within thirty (30) days of the close of this litigation, for any reason, each party shall be required to use best efforts to retrieve all copies of Confidential Material from their own files, and from experts or other persons to whom they have been provided consistent with this Confidentiality Agreement, and to return to the opposing party all documents or other materials and copies thereof produced during discovery in this action, provided that in lieu of returning the same, counsel may certify that all such materials and all copies thereof have been destroyed. All information protected by this Confidentiality Agreement which has been placed in any computer data bank shall be completely erased, and any documents listing or summarizing information protected by this Confidentiality Agreement shall be destroyed within the same period. However, no party shall be required to destroy or erase documents or electronic databases of litigation materials produced from that party's own files. Each party shall provide the opposing party a letter certifying that he, she or it has complied with this paragraph.

Dated: New York, New York
February 1, 2008

8

BANKS LAW OFFICE, P.C.

By: /s/ Robert S. Banks, Jr.
Robert S. Banks, Jr., Esq.

209 SW Oak Street, Suite 400
Portland, OR 97204
bob@bankslawoffice.com

KAUFMAN, FEINER, YAMIN,
GILDIN & ROBBINS, LLC

David Robbins, Esq.
777 Third Avenue, 24th Floor
New York, NY 10017

Attorneys for Plaintiff

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: _____
Gerard Harper, Esq.
Jacqueline P. Rubin, Esq.
Jana C. Ramsey, Esq.

1285 Avenue of the Americas
New York, NY 10019-6064
jramsey@paulweiss.com

Attorneys for Defendant

| | |
|---|---|
| BANKS LAW OFFICE<br><br>By: _____<br>    Robert S. Banks, Jr., Esq.<br><br>    209 SW Oak Street, Suite 400<br>    Portland, OR 97204<br>    bob@bankslawoffice.com<br><br>KAUFMAN, FEINER, YAMIN,<br>GILDIN & ROBBINS, LLC<br><br>    David Robbins, Esq.<br>    777 Third Avenue, 24th Floor<br>    New York, NY 10017<br><br>Attorneys for Plaintiff | PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br><br>By: _/s/ Jacqueline P. Rubin_____<br>    Gerard Harper, Esq.<br>    Jacqueline P. Rubin, Esq.<br>    Jana C. Ramsey, Esq.<br><br>    1285 Avenue of the Americas<br>    New York, NY 10019-6064<br>    jramsey@paulweiss.com<br><br>Attorneys for Defendant |

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED: _____
Hon. Harold Baer, Jr., U.S.D.J.
Date: 2/25/08

9