UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD HOUSTON,

          Plaintiff,

          v.

SEWARD & KISSEL LLP,

          Defendant.

**ECF CASE**

07 Civ. 6305 (HB)

**ANSWER**

      Seward & Kissel LLP, by its attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, for its answer to the complaint dated July 2, 2007 (the "complaint") states as follows.

### Preliminary Statement

      This baseless action is a futile search for facts and law to support it. Plaintiff, a highly sophisticated individual investor, acquired an interest in a hedge fund managed by a man named John Whittier. The hedge fund collapsed as a result of Whittier's criminal acts. Whittier has admitted defrauding not only his investors but his own lawyers – Seward & Kissel. In pleading guilty to federal securities fraud, Whittier conceded that he lied to Seward & Kissel to conceal his own intentional misconduct concerning the hedge fund's investments. By Whittier's own confession, Seward & Kissel is a victim of, not a partner in, Whittier's wrongdoing.

      Plaintiff's allegations regarding Seward & Kissel's liability for Whittier's conduct are without factual basis, and intended solely to locate a deep pocket to compensate this sophisticated investor for Whittier's misdeeds and to heal a wound Seward & Kissel did not inflict. Not a single well-pleaded allegation of fact appears in

the complaint that Seward & Kissel knew that Whittier lied to his investors or otherwise did or knew anything to give rise to this action.

## Specific Responses

1.    Denies each and every allegation in paragraph 1 of the complaint, except neither admits nor denies the same insofar as it states a legal conclusion, and denies knowledge or information sufficient to form a belief about the truth of each and every allegation concerning persons or entities other than Seward & Kissel ("S&K"). S&K admits that it was once counsel to Wood River Partners, L.P., and that John Whittier pled guilty to violating federal securities laws, and respectfully refers the Court to the pleadings filed in *Securities and Exchange Commission* v. *Wood River Capital, LLC et al.*, No. 05 CV 8713 (NRB) (the "SEC Action") for their complete and accurate text.

2.    Denies each and every allegation in paragraph 2 of the complaint, except neither admits nor denies the same insofar as it states a legal conclusion, and admits that S&K was once counsel to Wood River Partners, L.P.  S&K also denies knowledge or information sufficient to form a belief about Plaintiff's residence.

3.    Denies each and every allegation in paragraph 3 of the complaint, except denies knowledge or information sufficient to form a belief about the truth of each and every allegation concerning persons or entities other than S&K.  S&K also admits that S&K was once counsel to Wood River Partners, L.P. and, as counsel, assisted Wood River in the preparation of offering memoranda, and respectfully refers the Court to the Wood River Offering Memoranda referenced in paragraph 3 for their complete and accurate text.

4.    Neither admits nor denies each and every allegation in paragraph 4 of the complaint insofar as the same states a legal conclusion, except admits that S&K is a New York limited liability partnership that has its principal place of business in New York.

5.    Denies knowledge or information sufficient to form a belief about the truth of each and every allegation in paragraph 5 of the complaint.

6.    Admits.

7.    Denies knowledge or information sufficient to form a belief about the truth of each and every allegation in paragraph 7 of the complaint, and respectfully refers the Court to the Confidential Summary referenced in paragraph 7 for its complete and accurate text.

8.    Denies knowledge or information sufficient to form a belief about the truth of each and every allegation in paragraph 8 of the complaint, except admits that S&K assisted Wood River Partners, L.P. as counsel in the preparation of offering memoranda, limited partnership agreements and subscription agreements.

9.    Denies knowledge or information sufficient to form a belief about the truth of each and every allegation in paragraph 9 of the complaint, and respectfully refers the Court to the Wood River Offering Memorandum for its complete and accurate text.

10.    Denies each and every allegation in paragraph 10 of the complaint, except admits that S&K is listed as counsel to Wood River in the offering memoranda, and respectfully refers the Court to the Wood River Offering Memorandum for its complete and accurate text.

3

11.    Denies each and every allegation in paragraph 11 of the complaint, except respectfully refers the Court to the Wood River Offering Memorandum for its complete and accurate text.

12.    Denies knowledge or information sufficient to form a belief about the truth of each and every allegation in paragraph 12 of the complaint, except admits that S&K periodically represented Wood River Partners, L.P. as counsel in connection with the revision of offering memoranda and prepared the offering memoranda in accordance with Wood River's instructions.

13.    Denies knowledge or information sufficient to form a belief about the truth of each and every allegation in paragraph 13 of the complaint.

14.    Denies each and every allegation in paragraph 14 of the complaint, except neither admits nor denies the same insofar as it states a legal conclusion.

15.    Denies each and every allegation in paragraph 15 of the complaint, except denies knowledge or information sufficient to form a belief about the truth of each and every allegation concerning persons or entities other than S&K. S&K admits that S&K represented Wood River Capital Management in the dispute between Foster and Wood River Capital Management; that Foster, through counsel, attempted to obtain payments from Wood River Capital Management in excess of those for which an agreement dated October 2004 provided; and that S&K received a letter dated January 27, 2005 from Foster's counsel. S&K respectfully refers to the Court to the January 27, 2005 letter and to the "offering documents" referenced in paragraph 15 for their complete and accurate text.

16.    Denies each and every allegation in paragraph 16 of the complaint, except respectfully refers the Court to the "offering documents" referenced in paragraph 16 for their complete and accurate text.

17.    Repeats and realleges its responses to paragraphs 1 through 16 of the complaint with the same force and effect as if fully set forth herein.

18.    Neither admits nor denies paragraph 18 of the complaint as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 18 for its complete and accurate text.

19.    Neither admits nor denies paragraph 19 of the complaint as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 19 for its complete and accurate text.

20.    Neither admits nor denies paragraph 20 of the complaint as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 20 for its complete and accurate text.

21.    Denies each and every allegation in paragraph 21 of the complaint, except neither admits nor denies the same insofar as it states a legal conclusion and admits that, beginning in 2002, S&K assisted Wood River Partners, L.P. as counsel in the preparation of offering memoranda, limited partnership agreements, and subscription agreements, and that S&K was counsel to Wood River until September 30, 2005.

22.    Denies each and every allegation in paragraph 22 of the complaint, except neither admits nor denies the same insofar as it states a legal conclusion.

23.    Neither admits nor denies paragraph 23, as no answer is required.

24.    Neither admits nor denies paragraph 24 as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 24 for its complete and accurate text.

25.    Repeats and realleges its responses to paragraphs 1 through 24 of the complaint with the same force and effect as if fully set forth herein.

26.    Neither admits nor denies paragraph 26 of the complaint as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 26 for its complete and accurate text.

27.    Neither admits nor denies paragraph 27 of the complaint as it states a legal conclusion.

28.    Denies each and every allegation in paragraph 28 of the complaint.

29.    Neither admits nor denies paragraph 29 of the complaint as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 29 for its complete and accurate text.

30.    Repeats and realleges its responses to paragraphs 1 through 29 of the complaint with the same force and effect as if fully set forth herein.

31.    Neither admits nor denies paragraph 31 of the complaint as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 31 for its complete and accurate text.

32.    The Court has dismissed Plaintiff's claim that the Wood River security did not meet the exemptions available under Oregon law.  Accordingly, no answer to paragraph 32 is required.

33.    The Court has dismissed Plaintiff's claim that the Wood River security did not meet the exemptions available under Oregon law.   Accordingly, no answer to paragraph 33 is required.

34.    The Court has dismissed Plaintiff's claim that the Wood River security did not meet the exemptions available under Oregon law.   Accordingly, no answer to paragraph 34 is required.

35.    The Court has dismissed Plaintiff's claim that the Wood River security did not meet the exemptions available under Oregon law.   Accordingly, no answer to paragraph 35 is required.

36.    Neither admits nor denies paragraph 36 of the complaint as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 36 for its complete and accurate text.

37.    Denies each and every allegation in paragraph 37.

38.    Denies each and every allegation in paragraph 38, and respectfully refers the Court to the text of the statute referenced in paragraph 38 for its complete and accurate text.

39.    Neither admits nor denies each and every allegation in paragraph 39 of the complaint as it states a legal conclusion, and respectfully refers the Court to the text of the statute referenced in paragraph 39 for its complete and accurate text.

## **Affirmative and Other Defenses**

Plaintiff *has not* pled a single fact that S&K knew of Whittier's misdeeds. Plaintiff's complaint is deficient in numerous respects, among them the following:

## FIRST DEFENSE

40.    S&K did not know, and could not have known by exercising reasonable care, that Wood River's offering memoranda contained any misrepresentations or omissions concerning Wood River's investments. In particular, Whittier pleaded guilty to federal securities fraud. This plea followed extensive inquiries by the U.S. Department of Justice and the SEC. Among many other things, Whittier confessed his crimes to S&K on September 27-28, 2005, during which time he not only never suggested that S&K was aware of his illegal activities but in fact conceded exactly the opposite. In his allocution on his guilty plea, he admitted having lied to S&K in connection with his purchases of stock in a company called Media Bay and caused S&K to file a false Form 13D with the SEC. Whittier's admissions that he lied to S&K belie the whole theory of plaintiff's case.

## SECOND DEFENSE

41.    Plaintiff's claims are barred, in whole or in part, because he failed to bring this action within two years after the date when he discovered, or should have discovered, facts upon which the action is based.

## THIRD DEFENSE

42.    Each and every cause of action in the complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

43.    Plaintiff's claims are barred, in whole or in part, because he has failed to plead his claims with the requisite particularity under Federal Rule of Civil Procedure 9(b).

## FIFTH DEFENSE

44.     Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages, if any.

## SIXTH DEFENSE

45.     Plaintiff's claims fail, or are barred in whole or in part, under the doctrines of waiver, estoppel, and/or laches.

## SEVENTH DEFENSE

46.     Plaintiff's claims fail, in whole or in part, because his alleged damages or injury did not result from the actions or omissions of S&K.

## EIGHTH DEFENSE

47.     Plaintiff was a highly sophisticated investor.  As such, he had a legal obligation to conduct reasonable due diligence into Wood River.  Consequently, he could not have reasonably relied on any statement (or omission) alleged in the complaint.

## NINTH DEFENSE

48.     Plaintiff did not actually rely on any statement (or omission) in the Wood River Offering Memorandum or alleged in the complaint.


## **Jury Demand**

Pursuant to the Seventh Amendment and Rule 38(b) of the Federal Rules of Civil Procedure, S&K demands a trial by jury of all issues so triable.

WHEREFORE, Seward & Kissel respectfully demands judgment:

(a) dismissing the Complaint with prejudice;

(b) awarding S&K its costs and reasonable attorney's fees; and

(c) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 18, 2008

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
Gerard E. Harper
Jacqueline P. Rubin
Jana C. Ramsey

jramsey@paulweiss.com

1285 Avenue of the Americas
New York, New York  10019-6064
(212) 373-3000

*Attorneys for Seward & Kissel LLP*